UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| RICKY D. CLANTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. _____ |
| v. | ) Removed from the Circuit Court of |
| | ) Bedford County, Tennessee |
| THE MEGA LIFE AND HEALTH | ) (Case No. 011878) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

**COMES NOW** Defendant The MEGA Life and Health Insurance Company ("MEGA Life" or "Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1441 hereby gives notice of the removal of this action to the United States District Court for the Eastern District of Tennessee, Winchester Division. As grounds for this removal, Defendant states as follows:

1. On July 8, 2009, Plaintiff Ricky D. Clanton ("Plaintiff") commenced a civil action against MEGA Life in the Circuit Court of Bedford County, Tennessee. The Circuit Court of Bedford County, Tennessee is a state court within this judicial district and division.

2. MEGA Life was served with the Summons and Complaint on July 14, 2009, by certified mail.

3. A copy of "all process, pleadings, and other orders served upon [] defendant" is attached hereto as composite **Exhibit A**. 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served to date other than those contained in **Exhibit A**.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

4. Thus, this notice of removal is timely because it is filed within thirty (30) days of the date upon which Plaintiff filed his Complaint and because this removal was filed less than one (1) year after commencement of the action.

5. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

## I. DIVERSITY OF CITIZENSHIP

6. This action is properly removal under 28 U.S.C. § 1441 (a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>
> (1) citizens of different States . . ..

7. There is complete diversity of citizenship between Plaintiff and Defendant.

8. Plaintiff avers himself to be a resident of Bedford County, Tennessee. (Complaint, ¶ 1).

9. Defendant is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Oklahoma. (Complaint, ¶ 2). Defendant's principal place of business is in North Richland Hills, Texas. Defendant is not a citizen of the State of Tennessee.

## II. AMOUNT IN CONTROVERSY

10. Based on Plaintiff's own allegations, the amount in controversy more than likely exceeds the sum of $75,000, exclusive of interest and costs. In this case, Plaintiff has filed suit asserting claims for breach of contract, bad faith, and violation of the Tennessee Consumer Protection Act. Plaintiff asserts in the prayer for relief that he is entitled to $46,395.76 for breach of contract. Plaintiff further seeks treble damages and attorneys' fees under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq*.

11. The value of Plaintiff's claims, "more likely than not," exceed $75,000.00. Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 377 (6th Cir. 2007). The amount in controversy should be determined "from the perspective of the plaintiff, with a focus on the

economic value of the rights he seeks to protect." Williamson v. Aetna Life Ins. Co., 481 F.3d at 376 (quoting Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro, 129 Fed. Appx. 194, 195-96 (6th Cir, 2005)). Treble damages and attorneys' fees sought by Plaintiff under the Tennessee Consumer Protection Act should be considered in determining the likelihood that, from Plaintiff's perspective, the amount in controversy exceeds $75,000.00. Id. at 377. Therefore, Plaintiff's claims meet the amount in controversy requirement for jurisdiction. Id.

### III. OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

12. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

13. Pursuant to 28 U.S.C. § 1446, true and correct copies of all the pleadings, process, and orders received by MEGA Life prior to filing this Notice of Removal are attached hereto as **Exhibit A** and incorporated herein by this reference.

14. Pursuant to the provisions of 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Bedford County, Tennessee and is being served on the Plaintiff.

**WHEREFORE**, MEGA Life requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Bedford County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Winchester Division.

DATED this the 12th day of August, 2009.

Respectfully submitted,

_____
Gary Howard (No. 023167)
ghoward@babc.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being forwarded via facsimile and U.S. Mail, postage prepaid, to:

W. Andrew Bobo
Bobo, Hunt, White & Nance
202 Regions Bank Bldg.
P.O. Box 169
Shelbyville, TN 37162
(931) 684-4611
(931) 684-4628 (facsimile)

on this the 12th day of August, 2009.

_____
Gary Howard